## ATLANTIC TRUST CO. v. OSGOOD.

### (Circuit Court, S. D. New York. June 14, 1902.)

1. CORPORATIONS—ACTIONS TO CHARGE STOCKHOLDER—FEDERAL COURTS.
   An action at law by a creditor of an insolvent corporation against a stockholder, to charge him with liability for the debt, authorized by the statutes of a state, may be maintained in a federal court in another state, where the requisite jurisdictional facts exist.

2. SAME—PLEADING—SUFFICIENCY OF COMPLAINT.
   In an action by a creditor of an insolvent corporation against a stockholder, brought under a state statute, to recover for his own benefit an amount alleged to have been unpaid on the stock, it is sufficient to allege in the complaint that defendant is the holder of stock which was never fully paid up; any facts which would relieve defendant from the implied liability for the deficiency being a matter of defense.

At Law. On demurrer to complaint.

J. F. Workum, for plaintiff.
Edward J. Patterson, for defendant.

LACOMBE, Circuit Judge. The Iowa statutes give to the individual creditor of an insolvent corporation a right which he did not possess before their passage,—the right to recover the whole amount of his claim, or some part, at least, of it, from a solvent individual stockholder, without having to give any consideration to the claims of his fellow creditors. Those statutes provide an expeditious method for the enforcement of that right by an action at law, creditor against stockholder, and Whitman v. Bank, 28 C. C. A. 404, 83 Fed. 288, is authority for the proposition that, when diversity of citizenship will permit, such action may be brought in a federal court in another state.

As to the contention that the complaint is defective, in that it does not aver that defendant ever subscribed for the stock, or expressly agreed to pay the par of his holdings, many authorities, somewhat inharmonious, have been cited. The utmost that can be said of them is that it does not necessarily follow that one who holds a share of stock which was never fully paid is liable for the difference between its par and the amount which was paid, because the circumstances under

which he became a stockholder may relieve him from such liability. As a mere matter of pleading, however, it would seem to be sufficient to plead that defendant held stock which had never been paid up. If nothing else appear, that single circumstance should be enough to imply a contract to make good the difference; and, logically, the other circumstances excusing him from liability to respond should be set forth by defendant. They are more peculiarly within his knowledge.

Demurrer overruled, with leave to answer within 20 days.